# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | | |
|---|---|---|
| WILLIAM WATERS, III, | ) | CASE NO. 1:19-CV-00491-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN SEAN BOWERMAN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |

## I.      Introduction

Petitioner, William Waters, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Waters is an Ohio inmate currently serving life in prison. Waters asserts three grounds for relief. (ECF Nos. 1, 2, 9). This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Waters's petition and other case-dispositive motions. Because Waters's claims are either meritless, not cognizable, or procedurally defaulted, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II.      Relevant Factual History

The Eighth District Ohio Court of Appeals set forth the following facts on direct appeal:

> In July 2014, 15–year-old K.L. told her mother ("Mother") that Waters, who, at the time, was Mother's husband and K.L.'s stepfather, had been sexually abusing her for several years. Mother and K.L. filed a report with the Westlake Police Department. After interviewing K.L. and her younger sisters, H.L. and E.L., the police identified other alleged victims. The police searched Waters's

Westlake home and discovered that he had fled the state, taking with him several electronic data storage devices. The police seized multiple cell phones, electronic data storage devices, and a personal computer that Waters left behind.

Waters was arrested on October 2, 2014, in Arkansas. After searching Waters's hotel room and van, authorities seized numerous additional electronic devices with videos and images of child pornography. Additionally, the police recovered flash drives from Waters's pockets, which also contained child pornography, including images of Waters and K.L. engaging in unlawful sexual conduct.

*Ohio v. Waters*, No. 103932, 2017 WL 713656, at *1 (Ohio Ct. App. 2017) (footnote omitted).

## III. Relevant State Procedural History

### A. Indictment

On June 4, 2015, Waters was indicted on a total of seventy counts. The counts consisted of:

Eight counts of Gross Sexual Imposition in violation of Ohio Rev. Code § 2907.05(A)(4), a felony in the third degree, with a Sexually Violent Predator Specification (Ohio Rev. Code. § 2941.148(A))

One count of Gross Sexual Imposition in violation of Ohio Rev. Code. § 2907.05(A)(1), a felony in the fourth degree, with a Sexually Violent Predator Specification (Ohio Rev. Code. § 2941.148(A))

Twenty-four counts of Kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4), a felony in the first degree, with a Sexual Motivation Specification (Ohio Rev. Code. § 2941.147(A)) and a Sexually Violent Predator Specification (Ohio Rev. Code. § 2941.148(A))

Seven counts of Rape in violation of Ohio Rev. Code. § 2907.02(A)(1)(b), a felony in the first degree, with a Sexually Violent Predator Specification (Ohio Rev. Code. § 2941.148(A))

Seventeen counts of Rape in violation of Ohio Rev. Code. § 2907(A)(2), a felony in the first degree with a Sexually Violent Predator Specification (Ohio Rev. Code. § 2941.148(A))

> One count of Attempted Rape in violation of Ohio Rev. Code §
> 2923.02/2907.02(A)(1)(b), a felony in the second degree, with a
> Sexually Violent Predator Specification (Ohio Rev. Code. §
> 2941.148(A))
>
> Three counts of Illegal Use of Minor in Nudity-Oriented Material or
> Performance in violation of Ohio Rev. Code. § 2907.323(A)(1), a
> felony in the second degree
>
> Five counts of Illegal Use of a Minor in Nudity-Oriented Material
> or Performance in violation of Ohio Rev. Code. § 2907.323(A)(3),
> a felony in the fifth degree
>
> Two counts of Pandering Sexually Oriented Matter Involving a
> Minor in violation of Ohio Rev. Code. § 2907.322(A)(1), a felony
> in the second degree
>
> One count of Endangering Children in violation of Ohio Rev. Code.
> § 2919.22(A), a felony in the third degree
>
> One count of Obstructing Justice in violation of Ohio Rev. Code. §
> 2921.32(A)(1), a felony in the third degree

(ECF No. 8-1, PageID #: 92–125). Most of the charges involved five victims and spanned seven

years. (ECF No. 8-1, PageID #: 92–125). Two of the charges involved a sixth victim and occurred

eight years before the start of the other charges. (ECF No. 8-1, PageID #: 125).

**B.     Motions to Sever**

On July 1, 2015, Waters moved to sever the counts in the indictment into seven separate

trials. (ECF No. 8-1, PageID #: 128). He argued that if all the counts in the indictment were tried

together, there would be "a substantial risk of prejudice and a strong possibility that a jury will not

be capable of reaching a fair and impartial verdict." (ECF No. 8-1, PageID #: 148). Specifically,

he stated that the jury might convict him on an assumption that he "has a propensity to commit sex

offenses against younger girls that he has some level of control over." (ECF No. 8-1, PageID #:

155). Waters also asserted that separate trials were required because evidence of the other charges

would not be admissible at separate trials as it would be considered other acts evidence. (ECF No.

8-1, PageID #: 149). The State responded that Waters did not meet his burden demonstrating that he would be prejudiced by a single trial. (ECF No. 8-1, PageID #: 165). The State argued that evidence of each count would be admissible in separate trials because the crimes committed were part of a common scheme, plan, or course of criminal conduct. (ECF No. 8-1, PageID #: 165). The trial court denied Waters's motion on August 10, 2015. (ECF No. 8-1, PageID #: 169).

On October 26, 2015, Waters filed a motion to reconsider his original motion to sever the counts into separate trials. (ECF No. 8-1, PageID #: 171). The Court granted the motion as to Counts 69 and 70 only—severing the counts involving the alleged rape of the sixth victim that occurred eight years before most of the claims. (ECF No. 8-1, PageID #: 212).

### C.    Jury Trial and Verdict

On November 4, 2015, Waters's jury trial began. Social Workers Courtney Koeth, Elizabeth Bailey-Grincius, and Deborah Tkac testified over Waters's objection. (ECF No. 8-1, PageID #: 213). Each of the social workers counseled one or more of Waters's alleged victims. The social workers testified regarding the symptoms the victims experienced, their demeanors during counseling sessions, and their diagnoses. Specifically, Ms. Tkac testified that one of the victims presented with "sexual trauma in her background." (ECF No. 8-5, PageID #: 1231). Ms. Bailey-Grincius testified that another victim was diagnosed and treated with post-traumatic stress disorder ("PTSD"). (ECF No. 8-5, PageID #: 1642–43). Ms. Koeth testified that a third victim was diagnosed with PTSD for sexual trauma. (ECF No. 8-5, PageID #: 1503–04).

The jury found Waters guilty of: 1) four counts of Gross Sexual Imposition in violation of Ohio Rev. Code § 2907.05(A)(4); 2) two counts of Gross Sexual Imposition in violation of Ohio Rev. Code § 2907.05(A)(1); 3) fourteen counts of Kidnapping with Sexual Motivation and Sexual Violent Predator specifications; 4) two counts of Rape in violation of Ohio Rev. Code §

2907.02(A)(1)(B), with a sexual violent predator specification; 5) seven counts of Rape in violation of Ohio Rev. Code § 2907.05(A)(4), with a sexual violent predator specifications; 6) one count of Attempted Rape; 7) three counts of Minor in Nude Material or Performance in violation of Ohio Rev. Code § 2907.323(A)(1); 8) two counts of Minor in Nude Material or Performance in violation of Ohio Rev. Code § 2907.323(A)(3); and 9) two counts of Pandering Sexually Oriented Matter Involving a Minor. (ECF No. 8-1, PageID #: 217–20). The remaining counts were either dismissed or the jury found Waters not guilty of them. (ECF No. 8-1, PageID #: 215–18).

### D.    Motion to Set Aside Verdict

On November 25, 2015, Waters moved to set aside the verdict and enter a judgment of acquittal. (ECF No. 8-1, PageID #: 222). He asked the trial court to dismiss ten counts that did not occur in Cuyahoga Country. (ECF No. 8-1, PageID #: 222). He argued that the State failed to prove that the relevant counts constituted a course of conduct that would permit them to be prosecuted in Cuyahoga County. (ECF No. 8-1, PageID #: 222). Waters additionally requested that the trial court set aside the verdict as to the sexually violent predator specifications because he did not meet the definition. (ECF No. 8-1, PageID #: 226–27). The trial court denied the motion. (ECF No. 8-1, PageID #: 501).

The court sentenced Waters to life in prison without the possibility of parole for the Rape of a child under the age of 10 and 48 years to life in prison for the remaining convictions. (ECF No. 8-1, PageID #: 529–30).

### E.    Direct Appeal

On appeal, represented by new counsel, Waters raised thirteen assignments of error:

> 1. The trial court erred in denying the appellant's motion to suppress because no probable cause existed to believe that Waters had transferred the photo of K.L. from his LG G-Z phone to any

computer or data storage device. The seizure and search of the flash drives and the computer violated the Fourth Amendment.

2. The trial court erred in denying appellant's motion to suppress because the probable cause to search for the photo of K.L. was two years old and stale, The seizure and search of the computer and data storage devices violated the Fourth Amendment.

3. The trial court erred in denying appellant's motion to suppress because the warrants were both overbroad and failed to describe with particularity the electronic data to be searched for, They violated the Fourth Amendment.

4. The trial court erred in not granting Mr. Waters' motion to dismiss for want of a speedy trial.

5. Mr. Waters was denied a fair trial and a meaningful opportunity to confront his accusers when the trial court denied him access to the grand jury transcripts.

6. The trial court denied William Waters a fair trial when it failed to sever three unrelated cases and thereby caused Waters undue prejudice.

7. The convictions on counts 4, 5, 6, 7, 8, 9, 10, 11, 43 and 45 are based on insufficient evidence where the government failed to establish venue as the conduct alleged occurred in the Commonwealth of Massachusetts and/or Medina County, Ohio.

8. The evidence at trial is insufficient to sustain the verdict as to the sexually violent predator specifications.

9. Appellant was denied effective assistance of counsel, by counsel's failure to keep improper victim impact testimony out of the trial.

10. The government committed reversible error when it elected to have the appellant convicted of kidnapping rather than the more specific offense of gross sexual imposition based on the identical conduct.

11. The appellant's right to confrontation of witnesses was violated where the government was permitted to introduce the testimony of the social workers and admitted the records maintained in their role as social workers.

> 12. Trial counsel was ineffective for failing to object to a prejudicial answer to a jury instruction.
>
> 13. The trial court erred in imposing a sentence of life without parole on count 6 where the appellant was subject to a sentence of 25 years to life.

(ECF No. 8-1, PageID #: 547–48). On February 23, 2017, the Eighth District Court of Appeals of Ohio affirmed the judgment of the trial court. *Ohio v. Waters*, No. 103932, 2017 WL 713656, at *12 (Ohio Ct. App. 2017).

### F.    Appeal to the Ohio Supreme Court

On April 10, 2017, Waters, through counsel, timely filed a notice of appeal in the Ohio Supreme Court. (ECF No. 8-1, PageID #: 670). Waters's memorandum in support of jurisdiction raised the following propositions of law:

> 1. Where there is probable cause to believe evidence of a crime may be found on one's cellular phone that probable cause does not automatically extend to that person's personal computer or other electronic storage devices; the government must demonstrate a fair probability that the evidence of crime was transferred from one device to another.
>
> 2. A search warrant must be based on up to date information; as a result, information that is upwards of two years old is stale and may not be used as the basis for a search warrant.
>
> 3. The particularity requirement of the Fourth Amendment applies not only to a seizure of a computer and data storage devices, but also to any searches of a computer and data storage devices.
>
> 4. The execution of speedy trial waiver in one case does not toll time in a subsequent superseding indictment if the facts underlying additional charges in the subsequent indictment were known at time of the initial indictment.
>
> 5. One is denied due process of law when he/she is found guilty of allied offenses and is sentenced on the greater offense when the lessor offense is the more specific offense.

6. A court violates separation of powers when it imposes a sentence on the less specific offense when the defendant was also found guilty of the more specific offense.

7. A party demonstrates a particularized need for Grand Jury transcripts when that party demonstrates that subsequent indictments based on the same conduct present irreconcilable dates and factual allegations.

8. One's rights to a fair trial and due process of law require separate trials for distinct allegations involving separate victims and where the allegations are of the same nature and are highly inflammatory.

9. It is improper to admit testimony about one's fear of testifying as it is not relevant and unnecessarily fans the passions and prejudices of the jury.

10. It is improper victim impact testimony to present evidence that an alleged victim is actively participating in counseling as a result of the alleged misconduct.

11. A medical diagnosis such as abuse or post-traumatic stress disorder is the equivalent of offering one's expert opinion on the veracity of a declarant's statements and is inadmissible under Ohio and United States Constitutions.

12. One's right to due process of law under the Ohio Constitution and United States Constitution is violated when a trial court imposes a sentence of life without parole where the trial court should have imposed a sentence of 25 years to life.

(ECF No. 8-1, PageID #: 672–73). On December 6, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 8-1, PageID #:).

## IV. Federal Habeas Corpus Petition

On March 5, 2019, Waters, through counsel, petitioned that this Court issue a writ of habeas corpus. (ECF No. 1).[1] Waters asserted three grounds for relief:

---

[1] Habeas petitioners have one year after the judgment of a State court becomes final to file a petition in federal court. 28 U.S.C. § 2244. After a state supreme court decision, finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition

**Ground One:** The trial court deprived Waters of his right to a fair trial by permitting the prosecution to join six distinct and largely unrelated sexual assault cases into a single jury trial.

**Supporting Facts:** The trial court deprived Waters of his right to a fair trial by permitting the prosecution to join six distinct and largely unrelated sexual assault cases into a single jury trial. By doing so the prosecution was able to bolster weaknesses of one case with the evidence from another. Further, by trying all the accusations together, Waters was unable to properly defend himself as the charges were not defined specifically by exact times and dates.

**Ground Two:** The appellant's right to confrontation of witnesses was violated where the government was permitted to introduce the testimony of the social workers and admitted the records maintained in their role as social workers

**Supporting Facts:** In the instant matter, the various social workers each rendered an opinion regarding the veracity of Jane Does' allegations when the jurors were told that each Jane Doe was a victim of sexual trauma. As it relates to Jane Doe IV, Ms. Tkac was permitted to testify, over objection, that Jane Doe presented with "sexual trauma" in her background. Tr. at 1591, 1594, Exhibit 73. Ms. Bailey-Grincius was permitted to testify, over objection, that Jane Doe V, S.S., was diagnosed and treated with post-traumatic stress disorder (PTSD). Tr. at 2001-2002, 2006. Similarly, Ms. Koeth was permitted to tell the jury that K.L. was diagnosed with PTSD for sexual trauma. Tr, at 1854, 1862-1863.

**Ground Three:** The petitioner was denied his right to effective assistance of counsel.

**Supporting Facts:** Trial counsel was ineffective for failing to object to a prejudicial answer to a jury instruction. Mr. Waters was denied effective assistance of counsel when counsel failed to object to the trial court's answer to a jury question during deliberations.

(ECF Nos. 1, 2). Respondent filed a return of writ on July 25, 2019. (ECF No. 8). Waters filed his

traverse on August 21, 2019. (ECF No. 9).

---

for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Petitioners have 90 days to file a certiorari petition. Waters state court decision became final on March 6, 2018 and, thus, Waters had until March 6, 2018 to file his petition. Accordingly, Waters's habeas petition is timely

V.      **Legal Standards**

A.      **Jurisdiction**

District courts may entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Cuyahoga County Court of Common Pleas sentenced Waters, and Cuyahoga County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Waters's § 2254 petition.

B.      **Cognizable Federal Claim**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be

presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted).

**C.**    **AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Clearly established Federal

law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.* (citations omitted).

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA,

§ 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. at 102 (citations omitted). "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## VI.     Discussion

### A.     Ground One: Trial Court's Failure to Sever

In his first ground for relief, Waters argues that the trial court deprived him of his right to a fair trial by permitting the prosecution to join "six distinct and largely unrelated sexual assault cases" into a single jury trial. (ECF No. 2 at 6). He suggests that that this allowed the prosecution to bolster weaknesses of one case with evidence from another and created the "unacceptable probability that the jury confused facts and cases, resulting in none of the verdicts being reliable." (ECF No. 2 at 6). Waters argued this to the Ohio Court of Appeals. The court rejected his argument, reasoning:

> In his sixth assigned error, Waters argues that he was denied a fair trial when the court failed to sever three unrelated cases. Specifically, Waters requested that "the court sever the counts in such a way that [he] would only be forced to defend himself against allegations involving one victim at a time."
>
> Appellate review of a trial court's decision on joinder is for an abuse of discretion. *State v. Grimes*, 8th Dist. Cuyahoga No. 94827, 2011–Ohio–4406, ¶ 15. Crim.R. 8(A) states in part that "[t]wo or more offenses may be charged in the same indictment * * * if the offenses charged * * * are of the same or similar character, * * * or are based on two or more acts or transactions connected together or

constituting parts of a common scheme or plan, or are part of a course of criminal conduct." However, pursuant to Crim.R. 14, "[i]f it appears that a defendant * * * is prejudiced by a joinder of offenses * * * in an indictment, * * * the court shall order an election or separate trial of counts * * *."

The defendant bears the burden of showing that the court's denial of the severance of joined offenses was prejudicial. The burden then shifts to the state to rebut the defendant's claim by showing that 1.) the facts of the offenses at issue would be admissible as "other acts evidence" under Evid.R. 404(B) in separate trials, and 2.) "evidence of each crime joined at trial is simple and direct." *State v. Diar*, 120 Ohio St.3d 460, 2008–Ohio–6266, 900 N.E.2d 565, ¶ 95–96 (quoting *State v. Lott*, 51 Ohio St.3d 160, 165, 555 N.E.2d 293 (1990)).

In claiming prejudice, Waters argues although "the allegations all involved sexual misconduct, the offenses themselves were qualitatively different." Waters further argues that "by trying them together, a fact finder would have overlooked those differences and simply concluded that given the sheer number of complainants, Waters had to have committed the misconduct alleged."

The state, on the other hand, argues that the offenses were all part of Waters's course of criminal conduct and that the jury was able to differentiate the counts, because Waters was found not guilty of eight offenses regarding three of the alleged victims.

Upon review, we find that Waters failed to meet his initial burden of showing prejudice. Five victims testified that Waters engaged in illegal sexual conduct with them on various separate occasions. The jury convicted Waters of most of the charges relating to three of the victims and acquitted him of the remaining charges. Furthermore, assuming arguendo that Waters did demonstrate prejudice by joining the offenses for trial, the state has met its burden on rebuttal by showing that the testimony of the multiple victims would have been admissible at separate trials as "other acts evidence."

Pursuant to Crim.R. 404(B), evidence of a defendant's other bad acts may be admissible to prove the defendant's scheme, plan, system, modus operandi, or pattern of conduct. In the case at hand, all of the alleged victims were minors when the offenses took place. Waters had a personal relationship with, and was in a position of authority over, all of them—three were his stepdaughters and two were his stepdaughters' friends. All of the sexual assaults occurred

> in Waters's home, and all of the victims testified about distinct and
> separate acts that occurred continually over a seven-year span.
>
> Upon review, we find that the facts of each offense would be
> admissible under Crim.R. 404(B) as evidence of modus operandi or
> pattern of conduct. Accordingly, the court did not abuse its
> discretion by denying Waters's motion to sever, and his sixth
> assigned error is overruled.

*Ohio v. Waters*, No. 103932, 2017 WL 713656, at *6–7 (Ohio Ct. App. 2017).

After reviewing the appellate court's decision, this Court concludes that it is consistent with federal law. Because the appellate court applied state law and errors in application of state law are usually not cognizable, the issue before the Court is not whether the failure to sever was a violation of state law, but whether it denied Waters due process under the Fourteenth Amendment. *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007). Thus, a petitioner must show that the failure to sever "result[ed] in prejudice so great as to deny a defendant his . . . right to a fair trial." *Id.* (alterations in original) (citing *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986)). It is not enough to show the potential for prejudice, as that exists whenever offenses are joined in a single trial. *See id.* Instead, the petitioner must demonstrate *actual* prejudice to justify a grant of a writ of habeas corpus. *Id.* To show actual prejudice, the joinder must have had a "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Lane*, 474 U.S. 438, 449 (1986) (citations omitted).

Waters has not shown that he suffered actual prejudice because of the trial court's failure to sever his charges into separate trials. In fact, at the end of his argument he states only, "Of course, it is impossible to know for certain how the intermixing of complicated facts and witnesses testifying about multiple allegations occurring on multiple dates effect a juror. At some point, for the reasons set forth in the petition, the confusing fact pattern results in prejudice." (ECF No. 9 at 8). This is not sufficient to demonstrate a "substantial and injurious effect or influence" on the

jury's verdict. Notably, five different victims testified that Waters engaged in illegal sexual conduct with them on various occasions. The jury, however, only convicted him of charges related to three of the victims. Further, the jury acquitted him of him of many charges, indicating an ability to separate the evidence of the distinct incidents. Moreover, the trial court gave the jury instructions for considering each count. The court instructed:

> The charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately, and you must state your findings as to each count uninfluenced by your verdict as to any other count. The defendant may be found guilty or not guilty of any one of the offenses charged.

(ECF No. 8-9, PageID #: 2608). "Error based on misjoinder is almost always harmless where, as here, the trial court issues a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder." *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007). The Supreme Court instructs that a court "should presume that the jury followed this instruction and did not make an improper propensity inference." *United States v. Chavis*, 296 F.3d 450, 462 (6th Cir. 2002). The trial court's instruction, therefore, limited any potential prejudice.

Additionally, Waters cannot show actual prejudice because the testimony of multiple victims would have been admissible as other acts evidence under Ohio Evid. R. 404(B) in each of his separate trials, resulting in the jury hearing the same evidence. Ohio Evid. R. 404(B) allows evidence of other crimes to prove the defendant's identity through modus operandi or to show a pattern of conduct. *See Ohio v. Richey*, 170 N.E.3d 933, 948 (Ohio Ct. App. 2021). Other acts evidence is admissible if it is related to and shares common characteristics with the crime in question. *Id.* Here, as the appellate court noted, the incidents all involved minors that Waters had a personal relationship with and was in a position of authority over. All the incidents occurred in Waters's home and each of the victims testified about separate acts that occurred over a seven-

year period. These separate acts had sufficient common characteristics with each other to be admissible in separate trials. Separate trials, therefore, would not have changed the evidence presented to the jury. Waters cannot then prove actual prejudice. *See Wagner v. Warden*, No. 2:10-CV-446, 2012 WL 1883835, at *22 (S.D. Ohio May 22, 2012) ("Even if the trial court had granted a severance of the charges against Petitioner, evidence regarding each of the alleged victims would have been admissible at trial. Petitioner has therefore failed to establish prejudice."). Thus, Waters's first ground for relief is without merit.

## B.  Ground Two: Social Workers' Testimony

In his second ground for relief, Waters argues that his right to confrontation of witnesses was violated where three social workers testified, and the prosecution introduced their records, regarding the social workers' treatment of the victims. This argument has two components. First, Waters argues that the testimony regarding the victims' PTSD and backgrounds of sexual trauma constituted an opinion regarding the veracity of the victims' allegations. Second, Waters asserts this testimony violated his right to confrontation because two of the social workers testified that the victim they treated was diagnosed with PTSD by different doctors and Waters could not cross-examine the doctors who allegedly diagnosed them.

As an initial matter, Waters failed to exhaust the second component of his argument in state court. He states that the appellate court and Respondent "failed to address the confrontation clause aspect of the claim." (ECF No. 9 at 8). However, upon review of Waters's state appellate court brief, the Court finds no mention of this part of the argument. Waters simply argued that an expert may not testify as to the expert's opinion of the veracity of the statements of a child declarant. (ECF No. 8-1, PageID #: 583–85). Similarly, in his memorandum in support of jurisdiction to the Supreme Court, Waters only argued that "[a] medical diagnosis such as abuse or post-traumatic

stress disorder is the equivalent of offering one's expert opinion on the veracity of a declarant's statement and is inadmissible under Ohio and United States Constitutions." (ECF No. 8-1, PageID #: 687). Unlike in his petition, in his state court briefs there is no citation to *Crawford v. Washington*, 541 U.S. 36 (2003), no discussion of testimonial and nontestimonial hearsay evidence, and no mention of the right to confront the doctors directly. Thus, Waters failed to exhaust that component of his argument. *See Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) ("[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." (citations omitted)). Because under Ohio App. R. 4(A)(1) and Ohio Rev. Code. § 2953.21(A)(2)(a) Waters can no longer bring this argument to state court, his argument is procedurally defaulted.[2] *See Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) ("When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999))). "A federal habeas court need not review a procedurally defaulted claim unless the petitioner can show either cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider the claim would result in a 'fundamental miscarriage of justice[.]'" *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991)). Waters does not argue that he meets one of these exceptions. The Court therefore will not address this aspect of his argument.

As for the first component of Waters's argument, the appellate rejected it, explaining:

> In his eleventh assigned error, Waters argues that his right to
> confront witnesses was violated when the state introduced the

---

[2]  Ohio App. R. 4(A)(1) gives 30 days to appeal from a final order. Ohio Rev. Code. § 2953.21(A)(2) allows 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment to petition for postconviction relief. Both of these dates have passed in this case.

> testimony of three social workers who "each rendered an opinion regarding the veracity of Jane Does' allegations."
>
> "A trial judge has wide discretion when determining the admissibility of * * * evidence, and will not be disturbed on appeal absent a clear showing of abuse of discretion." *Renfro v. Black*, 52 Ohio St.3d 27, 32, 556 N.E.2d 150 (1990). However, an expert witness may not testify as to his or her opinion of the truthfulness of a victim's statements. *State v. Boston*, 46 Ohio St.3d 108, 129 545 N.E.2d 1220 (1989).
>
> In the case at hand, Waters identifies the following testimony of three social workers or counselors as being improperly admitted into trial: that one of the victims presented with and was being treated for "sexual trauma"; that one of the victims was diagnosed with and was being treated for post-traumatic stress disorder; and that one of the victims was being treated for major depressive disorder and post-traumatic stress disorder as a result of sexual abuse.
>
> Upon review, we find that nothing about the cited testimony renders an opinion as to the truthfulness of the victims' allegations. In fact, our review of the entirety of the social workers' and counselors' testimony reveals no statements regarding the veracity of the victims' claims of sexual abuse by Waters. Accordingly, we conclude that the court did not abuse its discretion, and Waters's eleventh assigned error is overruled.

*Ohio v. Waters*, No. 103932, 2017 WL 713656, at *6–7 (Ohio Ct. App. 2017).

Waters argues that while the social workers did not directly opine that the witness' were telling the truth, "they testified to the same in a not so round-about manner." (ECF No. 9 at 10). He states that the jury would interpret their testimony as believing the victims' allegations. Respondent asserts that none of the social workers' statements spoke to the veracity of the witnesses. Moreover, Respondent suggests that the appellate court's opinion was neither an unreasonable application of Supreme Court precedent nor an unreasonable determination of the facts of record.

Notably, Waters does not explain how the appellate court's decision was contrary to federal law. Federal habeas review of state court evidentiary rulings is "extremely limited." *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990). When reviewing a state court's evidentiary determination pursuant to § 2254, a federal court can only grant relief if the petitioner can show that the state trial court's evidentiary rulings conflicted with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). Waters fails to point to any federal law that contradicts the appellate court's decision. In fact, regarding this aspect of his argument, he does not cite any law at all—focusing instead on the part of his argument that was not presented to the state courts. Waters therefore did not meet the necessary standard and this Court cannot grant him relief. *See Daily v. Olson*, No. 2:17-cv-210, 2020 WL 4573979, at *7–8 (W.D. Mich. June 5, 2020) (concluding that the Court could not grant the petitioner relief where he did not demonstrate how the state court's decision was contrary to federal law). Accordingly, Waters's third ground for relief is procedurally defaulted in part and not cognizable in part and should be dismissed.

## C.    Ground Three: Ineffective Assistance of Counsel

In his third ground for relief, Waters argues that he was denied effective assistance of counsel because his trial counsel failed to object to the trial court's answer to a jury question during deliberations and failed to object to victim impact testimony. Respondent correctly points out and Waters concedes that this issue was not exhausted in state court. Waters brought the issue before the Ohio court of appeals but failed to bring it to the Ohio supreme court. Because under Ohio S.Ct.Prac.R. 6.01(A) and Ohio Rev. Code. § 2953.21(A)(2), Waters can no longer bring this

argument to state court, his argument is procedurally defaulted.[3] *See Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016).

The procedural default doctrine provides that "federal courts lack jurisdiction over a claim in a habeas petition that was not 'fairly presented' to the state courts." *Parker v. Myers*, 53 F. App'x 349, 349 (6th Cir. 2002) (citations omitted). "In such cases, federal habeas corpus review is foreclosed absent a showing of cause and prejudice or a fundamental miscarriage of justice." *Id.* As there is no right to counsel for a discretionary appeal to the state supreme court, Waters acknowledges that he cannot claim ineffective assistance of counsel for the failure to bring the claim. As such he states, "The only argument left to Waters is this Court's ability to address this unexhausted claim because the failure to do so would result in a miscarriage of justice." (ECF No. 9 at 12) (citations omitted). "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To demonstrate actual innocence, a petitioner must "come forward with 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012) (citations omitted).

Despite asking the Court to consider the fundamental miscarriage of justice exception, Waters does not actually argue that he meets the standard. He does not claim his actual innocence. He does not present any new evidence. He simply presents arguments explaining why his trial counsel was ineffective. He has, therefore, not demonstrated a fundamental miscarriage of justice.

---

[3]  Ohio S.Ct.Prac.R. 6.01(A) provides 45 days to appeal from a final judgment. Ohio Rev. Code. § 2953.21(A)(2) allows 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment to petition for postconviction relief. Both dates have passed in this case.

*See Garrison v. Wolfenbarger*, No. Civ. 04CV71234DT, 2005 WL 2173630, at *6 (E.D. Mich. Sept. 2, 2005) ("Petitioner has not submitted any new and credible evidence of actual innocence. Consequently, a miscarriage of justice will not occur as a result of this Court's failure to adjudicate the substantive merits of Petitioner's claim."). Accordingly, Waters's third ground for relief is procedurally defaulted.

## VII. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Waters's grounds for relief are either meritless, not cognizable, or procedurally defaulted. If the Court accepts the foregoing recommendation, then Waters has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue Waters a certificate of appealability.

## VIII. Recommendation

Waters has presented only meritless, not cognizable, or procedurally defaulted claims. Thus, I recommend that the Court DENY Waters's petition and not grant him a certificate of appealability.

Dated: December 20, 2021

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).