UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM WATERS, III, | Case No. 1:19-cv-00491 |
| Petitioner, | Judge J. Philip Calabrese |
| v. | Magistrate Judge |
| SEAN BOWERMAN, Warden, | Carmen E. Henderson |
| Respondent. | |

**OPINION AND ORDER**

Petitioner William Waters, III, a prisoner in State custody, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent Sean Bowerman, Warden of the Toledo Correctional Institution, moved to dismiss the petition. Petitioner filed a traverse in support. The Magistrate Judge recommends denying the petition, and Petitioner objects to that recommendation. For the reasons that follow, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Magistrate Judge's report and recommendation, and **DENIES** and **DISMISSES** the petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the report and recommendation, the Magistrate Judge set forth the history of the case. (ECF No. 10, PageID #2806–13.) In short, after a trial in State court, a jury convicted Mr. Waters of multiple counts of gross sexual imposition, kidnapping with sexual motivations, rape, illegal use of a minor in nude material or performance, and pandering sexually oriented matter involving a minor. (ECF No. 8-1, PageID #217–20.) He was also convicted of one count of attempted rape. (*Id.,* PageID #217.)

The remaining counts were either dismissed or the jury found Mr. Waters not guilty. *(Id.,* PageID #215–18.) Mr. Waters unsuccessfully challenged his convictions through direct appeals in the Ohio courts. He is serving a sentence of life in prison without the possibility of parole for the rape of a child under the age of 10 and 48 years to life in prison for his remaining convictions. *(Id.,* PageID #529–30.)

Initially, Mr. Waters raised three grounds for relief, but later withdrew his last claim. (ECF No. 11, PageID #2831.) In his remaining grounds for relief, Petitioner raises the trial court's failure to sever and violations of the Confrontation Clause. *(Id.,* PageID #2831.) On the failure to sever claim, the Magistrate Judge recommends that the Court deny Petitioner's claim as meritless. (ECF No. 10, PageID #2820–22.) Also, the Magistrate Judge recommends that the Court deny Petitioner's confrontation claim as procedurally defaulted and not cognizable. *(Id.,* PageID #2822–23 & #2825.) Further, the Magistrate Judge recommends that no certificate of appealability issue in this case because Petitioner "has not made a substantial showing of a denial of a constitutional right." *(Id.,* PageID #2827.)

## STANDARD OF REVIEW

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of a petition for a writ of habeas corpus, which the Court does by local rule, *see* Local Rule 72.2. If a party objects to the magistrate judge's report and recommendation, the district court makes "a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Indeed, "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on specific objections Petitioner raises.

## ANALYSIS

Where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States," he is entitled to a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3) & 2254(a). At bottom, the writ tests the fundamental fairness of the State court proceedings resulting in the deprivation of the petitioner's liberty. *See, e.g.*, *Brown v. Allen*, 344 U.S. 443, 463 (1953); *Powell v. Collins*, 332 F.3d 376, 388 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)); *Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000).

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"With the AEDPA, Congress limited the source of law for habeas relief to cases decided by the United States Supreme Court." *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A State court adjudication is "contrary to" Supreme Court precedent under Section 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams*, 529 U.S. at 405. "Avoiding these pitfalls does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [the] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

Under Section 2254(d)(1), an unreasonable application of federal law is different than an incorrect application of federal law. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Williams*, 529 U.S. at 410). A State court adjudication involves "an unreasonable application of" Supreme Court precedent under Section 2254(d)(1) in one of two ways: (1) if the State court identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of

4

the particular State prisoner's case; or (2) if the State court either unreasonably extends a legal principle from the Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *See Williams*, 529 U.S. at 407.

## I. Trial Court's Joinder of Multiple Cases

Petitioner objects to the trial court allowing the prosecution to try six sexual assault cases in a single trial. (ECF No. 11, PageID #2832.) For this reason, Petitioner asserts that he was denied due process under the Fifth and Fourteenth Amendments. To succeed on this claim, Petitioner must show that the failure to sever "result[ed] in prejudice so great as to deny [him] his . . . right to fair trial." *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007). Further, Petitioner must demonstrate actual prejudice, which requires a showing that the joinder had a "substantial and injurious effect or influence in determining the jury's verdict." *United States v. Lane*, 474 U.S. 438, 449 (1986) (citations omitted). Petitioner fails to meet this standard for two reasons.

*First*, Petitioner fails to cite any instances of actual prejudice that affected the jury's verdict in his case. Entitlement to habeas corpus relief requires a showing of "*actual* prejudice, not merely the *potential* for prejudice." *Davis*, 475 F.3d at 777. Here, five witnesses testified that Petitioner sexually assaulted them, but the jury only convicted him of charges related to three. (ECF No. 8-1, PageID #217–20.) Further, the jury found Petitioner not guilty of eight of the charges that received a verdict. (*Id.*, PageID #217–18.) These facts demonstrate that the jury had the ability to separate the evidence of the distinct incidents—and, in fact, did so.

*Second*, the trial court instructed the jury to consider each count "separately." (*Id.*, PageID #547–48.) Any error from misjoinder is harmless where the trial court gives "a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder." *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007). And the Court presumes that the jury followed the instruction and did not make an improper propensity inference. *See United States v. Chavis*, 296 F.3d 450, 462 (6th Cir. 2002). Consequently, the trial court's instruction limited any potential prejudice.

The jury's ability to differentiate between the victims along with the limiting instructions given by the trial court demonstrates that there was no actual prejudice in joining Petitioner's cases. *See Cody*, 498 F.3d at 588. Therefore, the Court **OVERRULES** Petitioner's objection.

## II. Social Worker's Testimony

Petitioner objects to the Magistrate Judge's recommendation that his confrontation claim is procedurally defaulted and not cognizable. (ECF No. 11, PageID #2834–41.) Specifically, Petitioner argues that the social workers' testimony regarding the victims' PTSD and sexual trauma constituted an opinion regarding the veracity of the victims' allegations. (*Id.*, PageID #2840–41.) Further, Petitioner argues that his right to confrontation of witnesses was violated because he could not cross-examine the doctors who diagnosed two of the victims with PTSD. (*Id.*)

As an initial matter, the Magistrate Judge recommends, and the Court agrees, that Petitioner failed to exhaust his confrontation argument in the State courts. Petitioner is correct in stating that it is not necessary for the State court or the petitioner specifically to cite federal law to preserve the federal claim. (*See* ECF

No. 11, PageID #2835.) However, Petitioner did not mention the diagnosis aspect of his confrontation claim in his appellate briefs. (*See* ECF No. 8-1, PageID #583–85.) Rather, he focused on the veracity portion of the claim. *(Id.)* The issue presented in State court was not based on the same legal arguments as the issue presented in federal court. Therefore, the federal claim was not "fairly presented" to the State courts and was not exhausted. *Picard v. Connor*, 404 U.S. 270, 275 (1971). Because Petitioner can no longer bring this argument to State court, his claim is procedurally defaulted. "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). The Court need not review a procedurally defaulted claim unless Petitioner can show either "cause for the default and actual prejudice from the alleged constitutional violation" or that "failure to consider the claim would result in a 'fundamental miscarriage of justice[.]'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991)). Petitioner fails to argue that he meets either of these exceptions.

Moreover, the Court determines that Petitioner's claim regarding the social workers' testimony is not cognizable because he did not cite any federal law in his petition to support his assertions regarding this testimony. In his objection, Petitioner also failed to cite any federal case addressing the issue of testimony regarding the veracity of victims' allegations. At bottom, Petitioner has not explained how the decision to allow the testimony was contrary to his clearly established rights

that federal law protects. *See, e.g., Mayes v. Hudson*, No. 1:07CV0315, 2012 WL 5270238, at *4 (N.D. Ohio Oct. 23, 2012) (dismissing a petitioner's objection because it was missing "any coherent attempt to demonstrate that the state appellate court's dismissal of his . . . claim resulted in a decision that . . . involved an unreasonable application of clearly established federal law").

Accordingly, the Court **OVERRULES** Petitioner's objection.

### III. Certificate of Appealability

Petitioner requests a certificate of appealability. ([ECF No. 11](), PageID #2841.) The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To make a "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, Petitioner's claims are meritless, procedurally defaulted, or not cognizable. Where, as here, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further . . . no appeal is warranted." *Slack*, 529 U.S. at 484. Therefore, the Court **DENIES** Petitioner's request for a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections (ECF No. 11), **ADOPTS** the Magistrate Judge's report and recommendation (ECF No. 10), and **DENIES** and **DISMISSES** the petition for a writ of habeas corpus (ECF No. 1). Further, the Court **DENIES** Petitioner's request for a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**

Dated: July 5, 2022

　　　　　　　　　　　　　　　　　　　　　／s／ J. Philip Calabrese
　　　　　　　　　　　　　　　　　　　　　J. Philip Calabrese
　　　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　　　Northern District of Ohio